UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

MICHAEL J. TUCKER

        Petitioner,

v.                                                  CIVIL ACTION NO. 5:20-cv-00297

D. L. YOUNG, Warden,
FCI Beckley, et al.,

        Respondent.

**<u>ORDER</u>**

Pending is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Doc. 19], filed April 15, 2021. This action was previously referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Eifert filed her PF&R on December 4, 2020. Magistrate Judge Eifert recommended that the Court notify Petitioner that his petition will be recharacterized as a motion under 28 U.S.C. § 2255; provide Petitioner with his options under *Castro v. United States*, 540 U.S. 375, 383 (2003); recharacterize and transfer Petitioner's petition to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1631; and dismiss this action from the docket of the Court.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) (emphasis added) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is*

*made*."). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on January 20, 2021. No objections were filed.

On March 29, 2021, the Court entered an Order and Notice notifying the Petitioner that his Petition would be recharacterized as a motion under 28 U.S.C. § 2255 and advising him of his options under *Castro* [Doc. 17]. On April 15, 2021, Petitioner notified the Court that he was agreeable to have his Petition recharacterized [Doc. 18]. On that same date, Petitioner filed the pending 28 U.S.C. § 2255 motion [Doc. 19]. Section 2255 directs the movant to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Petitioner was sentenced by the United States District Court for the Western District of Virginia. As such, Petitioner's motion shall be transferred to the Western District of Virginia pursuant to 28 U.S.C. § 1631.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 12**], **RECHARACTERIZES** the Petition, **ORDERS** that Petitioner's motion [**Doc. 19**] be **TRANSFERRED** to the United States District Court for the Western District of Virginia, and **DISMISSES** the matter.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party herein.

2

ENTERED: May 6, 2021

Frank W. Volk
United States District Judge

3